Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Ashley A. Marton, OSB 171584
ashley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770
Fax: 503-293-5766
Of Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**
(Portland Division)

**CATHY CARTER,**

Plaintiff,

v.

**MILESTONE MANAGEMENT (OR) - FLAGSTONE, LLC.,** a domestic limited liability company, doing business as **FLAGSTONE SENIOR LIVING**; and **MILESTONE RETIREMENT COMMUNITIES, LLC**, a foreign business limited liability company,

Defendants.

Civil No.

**COMPLAINT**
(Disability Discrimination; Failure to Accommodate; Whistleblowing; Retaliation; Medical Leave Interference)

**JURY TRIAL REQUESTED**

**NATURE OF THE ACTION**

1. This is an action under the Americans with Disabilities Act as amended (ADAAA), 42 U.S.C. § 12111 *et seq*. for unlawful employment practices on the basis of disability and for failure to provide reasonable accommodation. 42 U.S.C. § 12112(5)(a). This is also an action for

interference with plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2615.

2. This complaint also alleges that defendants violated Oregon's Discrimination Against Disabled Persons in Employment Act, ORS 659A.103-.139, for discrimination based on disability and for failure to provide reasonable accommodation or engage in a good faith interactive process, OAR 839-006-0206(6). This is also an action for interference under Oregon's Family Leave Act, ORS 659A.150 to .186; and for violation of Oregon's whistleblowing statute, ORS 659A.199, all pursuant to the court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

4. The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The employment practices described herein are alleged to have been committed in the District of Oregon, Portland Division.

## PARTIES

6. Plaintiff **CATHY CARTER** at all relevant times was a resident and citizen of the State of Oregon who was employed by defendants in the state of Oregon.



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

7. Defendant **MILESTONE MANAGEMENT (OR) - FLAGSTONE, LLC doing business as FLAGSTONE SENIOR LIVING** ("Flagstone") is a domestic limited liability company with business operations in Wasco County. Flagstone provides individuals with housing and personalized care services at the senior living communities they manage, including Flagstone Senior Living located at 3325 Columbia View Drive, The Dalles, Oregon. At all material times, Flagstone employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year and is an "employer" for purposed of the claims set forth in this complaint. Flagstone is a joint employer with defendant Milestone Management Retirement Communities, LLC.

8. Defendant **MILESTONE MANAGEMENT RETIREMENT COMMUNITIES, LLC** ("Milestone") is a foreign business limited liability company with business operations in various locations within the State of Oregon, including Wasco, Clackamas, and Malheur Counties. Milestone provides management services to senior living investors specializing in independent living, assisted living, memory care, and speciality care. At all material times, Flagstone employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year and is an "employer" for purposed of the claims set forth in this complaint. Milestone is a joint employer with defendant Flagstone.

**PROCEDURAL REQUIREMENTS**

9. Plaintiff timely filed an administrative complaint with the Oregon Bureau of Labor and Industries, Civil Rights Division, and with the Equal Employment Opportunity Commission, in which she alleged the violations against defendants as alleged herein.



**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

10. Plaintiff has timely satisfied all administrative prerequisites, if any, to the filing of the claims set forth in this complaint.

**BACKGROUND FACTS**

11. Plaintiff Carter worked for defendants' Flagstone Senior Living Facility located in The Dalles, beginning on February 3, 2016. Initially, Plaintiff worked as the Community Sales Director but her title was later changed to Director of Marketing.

12. As the Director of Marketing, Plaintiff's duties mainly consisted of maintaining and increasing the occupancy level and revenue production of the community; managing the sales process by assisting prospective residents and their families in the decision making process; coordinating all activities needed for a sale and move-in of tenants; representing the community in outside events; and assisting management with resident retention.

13. Prior to taking medical leave, Plaintiff was never disciplined. She received positive performance reviews and multiple performance based bonuses. She consistently met her occupancy goals, which affected Plaintiff's commission and compensation package.

14. On May 3, 2017, Plaintiff experienced a serious and life threatening medical emergency that resulted in an extended hospitalization. During her resulting extended hospitalization, Plaintiff also developed serious secondary medical conditions. Plaintiff informed defendants about her medical emergency and need for leave. She was allowed to work from home until on or around June 12, 2017. During that time, Plaintiff was hospitalized a second time when she developed a secondary infection.

15. Plaintiff returned to work around mid-June 2017, and began experiencing stressful



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

events brought on by hostile interactions with Flagstone employee and Assisted Living RN, Susan Johnson. Between June and July 2017, Ms. Johnson verbally berated, belittled, and demonstrated aggression toward Plaintiff in the presence of Flagstone staff and residents. Ms. Johnson often stated that Plaintiff's medical crisis and condition were manufactured. This caused significant stress and anxiety to plaintiff while she was in the workplace, which exacerbated her medical conditions.

16. Plaintiff reported Ms. Johnson's harassment and the hostile work environment it created to Flagstone's Executive Director, Sharla Mosqueda, and Milestone's Human Resources department.

17. As a result of the stress from the increasingly hostile work environment, Plaintiff's medical provider ordered time away from work. Plaintiff sought and was approved for protected medical leave from July 21, 2017 through August 13, 2017.

18. During Plaintiff's medical leave, Ms Johnson took over many of Plaintiff's job duties, including the move-in procedures. When Plaintiff returned from medical leave, she discovered that many things were not being completed. Plaintiff raised her concerns with Ms. Mosqueda, who reacted to Plaintiff's concerns with hostility.

19. Toward the end of August 2017, Plaintiff attended a "Stand Up" meeting with Flagstone staff and supervisors. During the meeting, Ms. Johnson made disparaging remarks about Plaintiff's health condition and stated that Plaintiff did not actually have a medical condition.

20. Ms. Johnson continued to create a hostile work environment based on Plaintiff's



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

disabilities and medical conditions. In December 2017, after a confrontation about moving in a new client, both Ms. Johnson and Plaintiff received a Summary of Discussion on Expectations from Ms. Mosqueda. Milestone's corporate HR held a mediation with the parties and Plaintiff understood that certain procedures would be put into place to remedy their disagreements. Later, Ms. Mosqueda and Ms. Johnson failed to practice or implement those procedures.

21. During this time, Plaintiff developed several serious and life threatening heart conditions. As a result of these disabilities, a significant increase in plaintiff's heart rate or elevated blood pressure could trigger a serious cardiac event.

22. On December 15, 2017, Plaintiff experienced a triggering event that exacerbated her medical condition, which was brought on by a confrontation with Ms. Johnson. Plaintiff was hospitalized for several days. Plaintiff immediately informed defendants about her need for medical leave. Plaintiff was approved for protected leave from December 18, 2017 to January 3, 2018.

23. While on medical leave, Ms. Mosqueda contacted Plaintiff and inquired when she was returning from leave. Ms. Mosqueda became excessively hostile toward plaintiff and made derisive comments about plaintiff's medical condition and suggested she was exaggerating her symptoms. She also complained that with Plaintiff out of the office, no one was available to do residential tours.

24. After returning from medical leave, Plaintiff informed Milestone's human resource department about Ms. Mosqueda's behavior, which she understood to be unlawful harassment based on her need for medical leave.



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

25. In February 2018, Plaintiff experienced another triggering event at work that resulted in an exacerbation of her serious medical condition. Plaintiff required use of protected medical leave from February 15, 2018 until March 10, 2018.

26. Before returning to work in March 2018, Plaintiff submitted a formal request to both defendants asking to engage in a good faith interactive process so that she could get reasonable accommodations for her disabilities. Plaintiff provided a comprehensive list of suggested accommodations, such as a checklist and communication process, that would enable her to do her job without triggering a medical event.

27. Plaintiff also provided a written report to Milestone HR complaining of the ongoing harassment and discrimination by Ms. Johnson and Ms. Mosqueda and asking for an investigation so that Plaintiff could return to a safe workplace.

28. In response to Plaintiff's request for accommodation and report of harassment, Milestone HR placed plaintiff on leave until March 23, 2018.

29. Plaintiff returned to work on March 23, 2018 and met with Milestone HR to discuss proposed accommodations. Initially, Milestone agreed to the accommodation of limited on-site work hours, better communication vis-à-vis a comprehensive checklist, and weekly meetings. Milestone failed and refused to follow through on the majority of the agreed to accommodations.

30. Almost immediately after returning from protected leave, defendants began excluding Plaintiff from meetings, failed and refused to provide her with critical information, and limited her access to the building. Ms. Mosqueda also became more hostile toward Plaintiff and



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

continued to make derisive comments about plaintiff's use of protected leave.

31. While Plaintiff was on leave though March 23, 2018, defendants filled plaintiff's position with another employee. When plaintiff returned, this employee continued to serve in plaintiff's role and several of plaintiff's duties and responsibilities were taken away. Plaintiff was allowed to be on-site only once a week and was excluded from retention meetings and event planning committees. Defendants also reduced Plaintiff's phone and mileage allowance and modified Plaintiff's bonus structure, resulting in a reduction in her compensation.

32. In April 2018, this employee was listed as on a formal publication as being the "Marketing Director," which had been Plaintiff's title for over a year. This employee had replaced Plaintiff as the new Marketing Director.

33. Plaintiff complained to Ms. Mosqueda about the publication and removal of her duties and position, which she believed was unlawful. In response, Defendants accused Plaintiff of engaging in hostile communications with the new Marketing Director.

34. On April 25, 2018, as a result of the ongoing harassment and hostile work environment, Plaintiff had a severe medical event at work. She required protected medical leave until April 30, 2018.

35. On April 30, 2018, Plaintiff was suspended without pay. Defendants claimed the suspension was related to an incident with the new Marketing Director.

36. On May 7, 2018, Defendants fired Plaintiff. Defendants' purported reasons for terminating plaintiff's employment was that she is not a "team player." This reason is pretext for unlawful discrimination, retaliation, and interference.



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

## DAMAGES

37. As a result of the unlawful actions alleged herein, Plaintiff has and will continue to suffer economic damages. Plaintiff is entitled to recover from defendant such lost wages and benefits of employment and other economic losses in such amount as may be established at trial.

38. Reinstatement is not feasible, and Plaintiff is entitled to recover an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial.

39. As a further result of defendant's actions alleged herein, Plaintiff has suffered both emotional and physical damages and is entitled to recover noneconomic damages, including physical, emotional, and mental harm for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial. Those injuries include anxiety, embarrassment, depression, loss of motivation, loss of the ability to concentrate, pain from physical manifestations of the emotional distress caused by the circumstances described above, and headaches. Plaintiff has sought medical treatment for these injuries and is entitled to recover the cost of such medical treatment.

40. Plaintiff is entitled to a declaration that defendant acted in violation of the statutes set forth in this complaint for relief and equitable relief enjoining defendant from future violations of the statutes set forth herein, and such other relief in favor of plaintiff on such terms as the court may direct.

41. Defendants acted intentionally with an improper, discriminatory, and abusive motive and with malice. The acts as described herein were done intentionally with a discriminatory motive and with malice or ill will, with knowledge that their actions violated state or federal law,



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

or with reckless disregard or callous indifference to the risk that their actions violated state or federal law. Defendants acted as alleged herein in intentional and/or in reckless disregard of defendants' societal obligations and with conscious indifference to the health, safety, and welfare of plaintiff. Defendants should be assessed punitive damages in an amount found sufficient by a jury to punish defendants and to deter defendant and others from similar conduct in the future.

42. Plaintiff is entitled to recover her reasonable attorney's fees, expert witness fees, and other costs of the action to be paid by the defendant pursuant to one or more of the following: 29 U.S.C. § 2617, 42 U.S.C. § 1988, ORS 659A.885, ORS 20.107.

**FIRST CLAIM FOR RELIEF**

**(Disability Discrimination)**

**Count One: Disability Discrimination – 42 U.S.C. § 12112**

43. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

44. It is the purpose of the Americans with Disabilities Act to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.

45. At material times, plaintiff suffered from one or more physical impairments, which substantially affect one or more major life activities. Plaintiff's impairments substantially affect one or more major bodily functions.

46. At all relevant times, Plaintiff was a qualified individual with a disability in that she was able to perform the essential functions of her position with reasonable accommodation or without such accommodation.



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

47. Plaintiff at material times was a qualified individual with a disability due to a record of impairment.

48. Defendants regarded plaintiff as a disabled person in that it acted against her based on her impairment or on an impairment Defendants believed Plaintiff possessed.

49. Defendants discriminated against Plaintiff in the terms and conditions of her employment and in terminating her employment in substantial motivating part due to Plaintiff's actual disability, her record of a disability, or because it regarded her as a disabled person.

50. Defendants' conduct as described herein is in violation of 42 U.S.C. § 12112.

**Count Two: Disability Discrimination – ORS 659A.112**

51. Plaintiff incorporates paragraphs 1 through 42, and 44 through 49 as though fully set forth herein.

52. It is the public policy of Oregon to guarantee individuals the fullest possible participation in the social and economic life of the state and to engage in remunerative employment without discrimination on the basis of disability.

53. It is an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability.

54. Defendants' conduct as described herein is in violation of ORS 659A.112.

**Count Three: Failure to Accommodate – 42 U.S.C. § 12112(5)(a)**

55. Plaintiff incorporates paragraphs 1 through 42, and 44 through 49 as though fully set forth herein.



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

56. It is an unlawful employment practice for an employer to fail or refuse to make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability.

57. Plaintiff requested reasonable accommodation for the effects of her impairments and disabilities in the form of additional time to complete tasks, and a checklist for communication.

58. Defendants failed and refused to engage in a good faith interactive process with Plaintiff to determine what accommodations were appropriate under plaintiff's circumstances.

59. Reasonable accommodations were available that would have permitted plaintiff to perform the essential functions of her position with such or other accommodations.

60. Defendants' failure and refusal to provide reasonable accommodations as required by plaintiff and their failure and refusal to enter into an interactive process in response to her requests for accommodation were in violation of 42 U.S.C. §12112(5)(a).

**Count Four: Failure to Accommodate – ORS 659A.112, .118**

61. Plaintiff incorporates paragraphs 1 through 42, and 44 through 49, 52, 53, and 56 through 59 as though fully set forth herein.

62. Defendants' failure and refusal to provide reasonable accommodations as requested by plaintiff were in violation of ORS 659A.112 and ORS 659A.118.

63. Defendants' failure and refusal to enter into an interactive process in response to plaintiff's requests for accommodation were in violation of ORS 659A.112, ORS 659A.118, and OAR 839-006-0206(2)-(4).



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

**SECOND CLAIM FOR RELIEF**

**(Retaliation)**

**Count One: Whistleblowing Discrimination - ORS 659A.199**

64. Plaintiff incorporates paragraphs 1 through 42, as though fully set forth herein.

65. It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of state or federal law, rule or regulation.

66. Plaintiff's complaints of and opposition and resistance to defendants' violations of law as alleged herein were complaints that plaintiff reasonably believed constituted evidence of a violation of a state or federal law, rule or regulation.

67. Defendants retaliated against plaintiff in the terms and conditions of her employment, in suspending her without pay, and in terminating her employment due to such complaints, in violation of ORS 659A.199.

**Count Two: Retaliation - ORS 659A.030(1)(f)**

68. Plaintiff incorporates paragraphs 1 through 42, and 66 as though fully set forth herein.

69. It is an unlawful employment practice for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

proceeding under ORS chapter 659A or has attempted to do so.

70. Plaintiff's complaints, opposition, and resistance to defendants' violations of law as alleged herein were substantial motivating factors in the decision to subject plaintiff to adverse terms and conditions of employment and to terminate her employment.

71. Defendants' conduct as alleged herein was in violation of ORS 659A.030(1)(f).

**Count Three: Disability Retaliation - ORS 659A.109**

72. Plaintiff incorporates paragraphs 1 through 42, 52, 53, 56 through 59, 62, and 63, as though fully set forth herein.

73. Plaintiff applied for benefits or invoked or used the procedures provided for in ORS 659A.103 to 659A.145, including but not limited to requesting reasonable accommodation of her disability.

74. As a result of plaintiff's protected conduct as alleged herein, Defendants subjected plaintiff to adverse terms and conditions of employment and terminated her employment in violation of ORS 659A.109.

**THIRD CLAIM FOR RELIEF**

**(Medical Leave Violations)**

**COUNT ONE: Family Medical Leave Act, 29 U.S.C. § 2615 Interference**

75. Plaintiff incorporates paragraphs 1 through 40 and 42 as though fully set forth herein.

76. Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(2)(a).

77. Defendant was and is an employer as defined by 29 U.S.C. § 2611(4)(a).



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

78. Plaintiff had one or more serious health conditions in that she had an injury or physical or mental condition that involved continuing treatment by a health care provider and/or inpatient hospitalization.

79. Plaintiff's requests for relief protected medical leave were requests for protected medical leave for her own serious health condition.

80. In response to plaintiff's claim to protected medical leave, defendants discriminated against plaintiff in the terms and conditions of her employment and in terminating her employment in violation of 29 U.S.C. § 2615(a).

81. Defendants acted wilfully and without reasonable grounds to believe that their acts were not a violation of 29 U.S.C. § 2615.

82. In addition to her economic damages, plaintiff is entitled to the interest on the amount awarded as her economic damages calculated at the prevailing rate and an additional amount as liquidated damages equal to the sum of the economic damages awarded plus interest.

**COUNT TWO: Oregon Family Medical Leave Act Interference**

83. Plaintiff incorporates paragraphs 1 through 38, 40, and 42 as though fully set forth herein.

84. Plaintiff is an eligible employee as defined by ORS 659A.156 in that she was employed by defendants for a period of 180 days or more and worked an average of 25 or more hours per week over the 180 days immediately preceding the dates her protected medical leaves commenced.

85. Defendants are covered "employers" as defined by ORS 659A.153(1) in that they



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in one or more relevant calendar years.

86. Plaintiff claimed the benefits of protected medical leave for her own serious health condition. Plaintiff utilized protected medical leave throughout 2017 and 2018. She was approved for continuing medical leave until April 30, 2018.

87. In response to and in substantial part due to plaintiff's claim to and use of protected medical leave, defendants discriminated and retaliated against plaintiff in the terms and conditions of her employment as alleged herein and in terminating her employment in violation of ORS 659A.183(2).

**COUNT THREE: Family Medical Leave Act Failure to Reinstate**

88. Plaintiff incorporates paragraphs 1 through 38, and 42 as though fully set forth herein.

89. Defendants failed and refused to return Plaintiff to her former or substantially similar position upon her return from protected medical leave in violation of 29 U.S.C. § 2614(a).

90. Plaintiff is entitled to recover from defendants such damages as may be available under law.

**COUNT FOUR: Oregon Medical Leave Failure to Reinstate**

91. Plaintiff incorporates paragraphs 1 through 38, 42, and 90 as though fully set forth herein.

92. Defendants failed and refused to return Plaintiff to her former or substantially similar position upon her return from protected medical leave in violation of ORS 659A.183(1)



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

93. Plaintiff is entitled to recover from defendants such damages as may be available under law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over each of the causes set forth herein.

2. Declare defendants in violation of the statutory claims stated in plaintiff's First, Second and Third Claims for Relief.

3. Grant such injunctive relief in favor of plaintiff as may be appropriate on each of plaintiff's claims for relief.

4. Award plaintiff compensation for her economic damages, lost earning capacity, and lost future earnings and benefits of employment as appropriate.

5. Order defendants to make plaintiff whole by providing compensation for personal, noneconomic damages, including physical and emotional pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life in amounts as are determined at trial.

6. Award plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees on each of plaintiff's claims for relief.

7. Order defendants to pay prejudgment and postjudgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing state or federal rate.

8. Order such further or alternative relief in favor of plaintiff as the court deems appropriate.



CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

**CRISPIN EMPLOYMENT LAW PC**

By: /s/ Ashley A. Marton
Ashley A. Marton, OSB No. 171584
Ashley@employmentlaw-nw.com
Craig A. Crispin, OSB No. 824852
Of Attorneys for Plaintiff